UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Alexis Rivera, individually and on behalf of J.W., an Infant under Eighteen Years of Age,

                              Plaintiff,

-against-

City of New York, *et al.*,

                              Defendants.

------------------------------------------------------------------------ x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

13-Civ-6340(JG)(CLP)

      **WHEREAS,** Plaintiff Alexis Rivera, individually and on behalf of her minor child, J.W. ("Plaintiffs"), commenced this action by filing a Summons and Complaint on or about November 15, 2013, alleging that Defendants Frenel Elysee, Debbie Samuel, (s/h/a Deborah Samuels), and the City of New York (together, "Defendants," and, with Plaintiffs, "the Parties") violated their rights pursuant to 42 U.S.C. § 1983 by allegedly unlawfully removing the minor J.W. from the custody of her mother, Alexis Rivera, and by allegedly unlawfully detaining J.W. in the custody of the New York City Administration for Children's Services ("ACS");

      **WHEREAS,** Defendants answered the Complaint on or about May 29, 2014, denying many of Plaintiffs' allegations and asserting several defenses; and

      **WHEREAS,** the Parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, through their undersigned counsel, as follows:

1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, disbursements, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay Plaintiffs the sum of forty-five thousand five hundred dollars and zero cents ($45,500.00) in full satisfaction of all claims that were or could have been raised in this action, including all claims for costs, expenses, disbursements, and/or attorneys' fees. This amount shall be distributed among the Plaintiffs in a manner that is consistent with the infant compromise order issued on September 11, 2014.

3. In consideration for the payment of this sum, Plaintiffs agree to dismiss and discontinue, with prejudice, all claims asserted in this action, and to release and discharge Defendants Frenel Elysee, Deborah Samuel (s/h/a Debbie Samuels), and the City of New York, and their respective successors and assigns, and all past and present officials, employees, representatives, and agents of ACS and the City of New York from any and all liability, claims, and/or rights of action that Plaintiffs have or may have, arising from or related to the allegations set forth or described in the complaint in this action, whether known or unknown, including all claims for costs, expenses and attorneys' fees incurred in connection with this action.

4. Plaintiffs shall execute and deliver to Defendants' attorney all documents necessary to effect this settlement, including, but not necessarily limited to, a release based on the terms of paragraphs "2" – "3" above, an affidavit concerning liens, and a Substitute W-9 form. After receipt of the necessary documentation described herein, the amounts to be paid to Plaintiff Alexis Rivera and counsel Richard P. Reyes will be paid to "Richard P. Reyes, Esq. as attorney for Plaintiffs." The amount to be paid to the infant child J.W. will be paid in the manner set forth in the infant compromise order issued on September 11, 2014.

5. Nothing contained herein shall be deemed to be an admission by any of the Defendants that they have in any manner or way violated any of Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, or the City of New York, or any other rule, regulation, or bylaw of any department or subdivision of the City of New York or of ACS.

6. This Settlement Stipulation shall not be used as evidence in, nor is it related to, any other litigation or settlement negotiation, except to enforce the terms hereof.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or of ACS.

8. This Settlement Stipulation contains all the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Settlement Stipulation regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the Parties, or to vary the terms and conditions contained herein.

9. Any facsimile signature on this document shall have the same force and effect as an original signature.

Dated: New York, New York
       9, 25, 2014

| | |
|---|---|
| RICHARD P. REYES<br>Attorneys for Plaintiffs<br>305 Broadway, 9th Floor<br>New York, New York 10007<br>(212) 966-3761<br>richard@richardreyeslaw.com | ZACHARY W. CARTER<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-179<br>New York, New York  10007<br>(212) 356-0885<br>llively@law.nyc.gov |
| By: _____<br>RICHARD P. REYES, ESQ. | By: _____ 9/30/14<br>LAUREN ALMQUIST LIVELY, ESQ.<br>Assistant Corporation Counsel |

SO ORDERED:

_____
         U.S.M.J.